**Juan LOPEZ–ORTIZ, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13–73619.**

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Oct. 14, 2015.*

Filed Oct. 20, 2015.

Murray David Hilts, Law Offices of Murray D. Hilts, San Diego, CA, for Petitioner.

Jennifer R. Khouri, OIL U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

MEMORANDUM **

Juan Lopez–Ortiz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The agency did not abuse its discretion in denying Lopez–Ortiz's May 7, 2012, motion to reopen as number-barred, where he had previously filed a motion to reopen and rescind, *see* 8 C.F.R. § 1003.23(b)(4)(ii) (an alien may file only one motion to reopen and rescind), and Lopez–Ortiz failed to establish the due diligence required to

warrant equitable tolling of the numerical limitation, *see Avagyan v. Holder,* 646 F.3d 672, 679 (9th Cir.2011) (equitable tolling of numerical limits is available to a petitioner who is prevented from properly filing due to deception, fraud, or error, and who exercises due diligence in discovering such circumstances).

Contrary to Lopez–Ortiz's contention, the BIA sufficiently articulated its reasons for dismissing his appeal. *See Najmabadi v. Holder,* 597 F.3d 983, 990 (9th Cir.2010).

In light of our disposition, we need not reach Lopez–Ortiz's remaining contentions.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

